IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| United States of America, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 1:13-cv-22315 |
| ) | |
| ) | |
| Olivia Greene, aka Olivia Mayo, and ) | |
| Walter Jefferson, individually and doing ) | |
| business as Angel Tax Service, ) | |
| ) | |
| Defendants. ) | |

**Complaint and Request for Injunctive Relief**

Plaintiff United States of America, for its complaint against defendants Olivia Greene and Walter Jefferson, states as follows:

**Jurisdiction and Venue**

1. Jurisdiction is conferred on this Court by 28 U.S.C. §§ 1340 and 1345 and 26 U.S.C. § 7402(a).

2. This suit is brought under 26 U.S.C. §§ 7402, 7407, and 7408 to restrain and enjoin defendants from:

   a. preparing or filing federal tax returns, amended returns, and other related documents and forms for others;

   b. assisting in the preparation or filing of federal tax returns that defendants know or had reason to know will result in the understatement of any tax liability;

   c. using electronic filing identification numbers (EFIN), taxpayer identification numbers (TIN), preparer tax identification numbers (PTIN), social security numbers (SSN), or any other federally-issued identification numbers that belong to other persons to file or remit federal tax returns;

    d. using false or fictitious EINs, TINs, P-TINs, SSNs, or any other federally-issued identification numbers to file or remit federal tax returns;

    e. allowing others the use of a personal or business EFIN, EIN, P-TIN, or TIN, or any other federally-issued identification number to prepare, file, or remit federal tax returns;

    f. electronically filing or remitting federal tax returns for others; and

    g. engaging in any similar conduct that substantially interferes with the enforcement of the internal revenue laws.

3. This action has been requested by the Chief Counsel of the Internal Revenue Service, a delegate of the Secretary of the Treasury, and commenced at the direction of a delegate of the Attorney General under 26 U.S.C. §§ 7402, 7407, and 7408.

4. Olivia Greene, also known as Olivia Mayo, resides in Miami, Florida, conducts business through Angel Tax Service in Miami, Florida, and all or a substantial part of the conduct set forth in this Complaint occurred in this district. Venue is proper in this Court under 28 U.S.C. §§ 1391 and 1396.

5. Walter Jefferson resides in Miami, Florida, conducts business through Angel Tax Service in Miami, Florida, and all or a substantial part of the conduct set forth in this Complaint occurred in this district. Venue is proper in this Court under 28 U.S.C. §§ 1391 and 1396.

### Overview of the Fraudulent Tax Scheme

6. Greene and Jefferson have continually and repeatedly prepared federal tax returns through Angel Tax Service with false, fictitious, or frivolous claims for fuel tax and other credits, including the Making Work Pay credit, the

-2-

American Opportunity credit, and the Residential Energy Credit. In furtherance of this scheme, Greene and Jefferson prepared federal tax returns with false W-2 income or false Schedule C business income in order to qualify for the false credits claimed on the returns.

7. The IRS has identified false fuel tax credits as one of the 2012 "Dirty Dozen" tax scams committed by return preparers.

8. Because the fuel tax credit is generally limited to off-highway business use or use on a farm for farming purposes, the credit is not available to most taxpayers.

9. Due to its limited nature, the IRS estimates that the average preparer claims the fuel tax credit on less than five percent of returns prepared.

10. Over half of the returns prepared by Greene claim the fuel tax credit.

11. In one year, over ninety percent of the returns prepared by Jefferson claimed the fuel tax credit.

12. In an example, Jefferson prepared a federal tax return for a Pompano Beach, Florida customer, falsely claiming a fuel tax credit of $4,575. Jefferson attached to the return an IRS Form 4136, Credit for Federal Tax Paid on Fuels, falsely claiming that the customer, who purportedly worked at a Publix grocery store, had purchased 25,000 gallons of fuel for "off-highway business use."

13. Jefferson knew or had reason to know that the claim was false, because a grocery clerk does not need to purchase fuel for "off-highway business use."

14. Jefferson also knew or had to reason to know the claim was false because in order for the customer to purchase 25,000 gallons of gasoline, the customer, who only reported $19,562 in income as a grocery clerk, would have had to spend at least $62,500 (assuming a price for gasoline of $2.50 a gallon), and driven over 250,000 miles in 2009, or 684 miles each day.

15. Jefferson also attached to the return a W-2 that falsely stated that the customer had earned $19,562 from Publix, a grocery store in Lake City, Florida, and requested a refund of the $1,742 allegedly withheld by the employer.

16. Jefferson also prepared a Schedule M, Making Work Pay and Government Retiree Credits, claiming a $400 credit based on the customer's purported employment at Publix.

17. The IRS has confirmed that the customer did not work at Publix and thus that the W-2 Jefferson attached to the return was false.

18. Because the customer did not work at Publix, Jefferson's claim for refund of the $1,742 withheld and the $400 Making Work Pay credit were false.

19. In a similar example, Jefferson prepared a federal tax return for a Hollywood, Florida customer, also purportedly employed by Publix, falsely

claiming a $1,647 fuel tax credit, a $400 Making Work Pay credit, a $1,000 education credit, and a refund of the $948 purportedly withheld by Publix.

20. In preparing this return, Jefferson attached numerous false documents, including an IRS Form 4136, Credit for Federal Tax Paid on Fuels, an IRS Form 8863 Education Credits, a Schedule M Making Work Pay form, and a false W-2 from Publix.

21. The IRS has confirmed that the customer did not work at Publix or otherwise earn income during the year, did not attend any educational institution, or incur any creditable fuel expenses.

22. In another example, Greene, using the alias Olivia Mayo, prepared a federal tax return for an Opa Locka, Florida customer, falsely claiming an educational tax credit of $2,850, a making work pay credit of $400, a refundable education credit of $1,900, and a fuel tax credit of $1,647. The return also requested a $7,540 refund.

23. After an IRS audit, the customer submitted an amended return, signed by Jefferson, no longer seeking the above credits but including, for the first time, an IRS Form Schedule A claiming over $30,000 in itemized deductions and increasing the amount of the refund from $7,540 to $8,634.

24. Later, when the IRS informed the taxpayer that the amended return contained errors, the taxpayer hired a new preparer, who prepared a second amended return that claimed only $14,000 in itemized deductions and did not claim any of the credits claimed by Greene on the original return.

25. In addition to the fraudulent credits discussed above, Greene has failed to exercise due diligence in returns claiming the earned-income tax credit. On August 22, 2011, the IRS assessed $13,800 in penalties against Greene under 26 U.S.C. § 6695(g) for her failure to comply with the due diligence requirements for claiming the earned-income tax credit on numerous returns she prepared, which penalties Greene has not paid.

26. On September 5, 2011, the IRS assessed $8,200 in penalties against Greene under 26 U.S.C. § 6695(c) for failing to furnish identifying numbers on returns she prepared, and an additional $100 in penalties on August 29, 2011 under 26 U.S.C. § 6695(d) for failing to retain copies of returns she prepared, which penalties Greene has also not paid.

27. In an interview with the IRS, Greene admitted that she listed Jefferson or her daughter as the paid preparer and used their social security numbers on returns she prepared.

28. In this same interview, Greene admitted that after her return preparer, or PTIN, application was rejected by the IRS because she had filed the frivolous returns discussed above, she hired persons from the Florida Department of Corrections to obtain PTINs so that she could use their PTINS to keep preparing returns even though she lacked her own PTIN.

29. In one example, Angel Tax Service prepared the 2010 return for a customer, falsely claiming a residential energy credit, a work pay credit, and a $5,490 fuel tax credit.

30. The return did not indicate who the paid preparer was, but directed that part of the requested refund be deposited into Greene's bank account.

31. After an audit, the IRS determined that the return was frivolous, and notified the customer that she would be assessed a $5,000 frivolous return penalty unless she filed an amended return.

32. The customer then filed an amended return, allegedly prepared by "Carlton." As with the original return, the amended return requested that a portion of the refund be deposited in Greene's bank account.

33. Greene later admitted to the IRS that she hired "Carlton," a Florida Department of Corrections employee, to obtain a PTIN after her application for a PTIN had been denied by the IRS.

34. Like many other returns prepared by Greene, the amended return allegedly prepared by "Carlton" claimed a false residential energy credit of $8,800. As part of the preparation of this return, Greene prepared an IRS Form 5695, falsely claiming that the taxpayer had spent over twenty-five percent of her income on insulation materials and solar power.

35. In order to conceal her role in this scheme, Greene prepared returns using an alias, Olivia Mayo.

36. Greene prepared 100 returns in 2012 under the name of her alias, Olivia Mayo.

37. Defendants knew that the federal tax returns they prepared contained unrealistic positions and false information designed to claim improper credits and refunds.

38. Absent an injunction, defendants' conduct is likely to recur, and the United States will suffer irreparable harm if defendants are not enjoined because the 2012 return-filing season has begun and defendants have not accepted any responsibility or ceased preparing federal tax returns based on their scheme.

**Count I**

**Injunction under 26 U.S.C. § 7408 for Violation of 26 U.S.C. § 6701**

The United States incorporates by reference the allegations in paragraphs 1 through 38.

39. Section 7408 of 26 U.S.C. authorizes a court to enjoin persons who have engaged in conduct subject to penalty under 26 U.S.C. § 6701 from engaging in further such conduct.  Section 6701 imposes a penalty on any person who aids in the preparation of any portion of a return or other document, who knows the portion or document will be used in connection with any material matter under the internal revenue laws, and who knows the portion or document (if so used) would result in understating another person's tax liability.

40.  The defendants have prepared tax returns and assisted in preparing tax returns and other documents for customers that were intended to be used (and were in fact used) in connection with material matters arising under the internal revenue laws.

41. The defendants knew that these returns and other documents (if so used) would result in understatements of customers' tax liabilities. The defendants have thus engaged in conduct subject to penalty under 26 U.S.C. § 6701.

## Count II

### Return-preparer injunction under 26 U.S.C. § 7407

42. The United States incorporates by reference the allegations in paragraphs 1 through 41.

43. 26 U.S.C. § 7407 authorizes a court to enjoin a person from, among other things,

> 1. engaging in conduct subject to penalty under 26 U.S.C. § 6694 (which penalizes a return preparer who prepares or submits a return that contains an unrealistic position); 26 U.S.C. § 6695(b-c) (which penalizes a return preparer who fails to sign returns and furnish an identification number); and 26 U.S.C. § 6695(g) (which penalizes a return preparer who fails to conduct due diligence in preparing returns claiming the earned income tax credit).
>
> 2. engaging in any other fraudulent or deceptive conduct that substantially interferes with the proper administration of the internal revenue laws.

If the return preparer's conduct is continual or repeated and the Court finds that a narrower injunction (*i.e.*, prohibiting only the specific enumerated conduct) would not be sufficient to prevent that person's interference with the proper administration of federal tax laws, the Court may enjoin the person from further acting as a return preparer.

44. The defendants have continually and repeatedly prepared or submitted federal tax returns that contain unrealistic positions subject to penalty under 26 U.S.C § 6694.

45. The defendants have continually and repeatedly engaged in fraudulent and deceptive conduct that interferes with the proper administration of the internal revenue

laws, including failing to sign returns they prepare and paying others to obtain PTINs so that they can continue to file federal tax returns with the IRS.

## Count III

**(Unlawful Interference with the Enforcement of the Internal Revenue Laws)**

46. The United States incorporates by reference paragraphs 1 through 45.

47. Through the conduct described above, the defendants have engaged in conduct that substantially interferes with the enforcement of the internal revenue laws. Unless enjoined by this Court, the defendants are likely to continue to engage in such conduct. The defendants' conduct is causing irreparable injury to the United States, and the United States has no adequate remedy at law:

   a. The defendants' conduct, unless enjoined, is likely to cause a substantial loss of revenue to the United States Treasury.  Unless they are enjoined the IRS will have to expend substantial time and resources to detect future customers' returns with substantial understatements, and may be unable to detect all of them.

   b. The detection of fraudulent returns will place a serious burden on the IRS's resources.

   c. If the defendants are not enjoined, they  likely will continue to engage in conduct subject to penalty under 26 U.S.C. §§ 6694, 6695, and 6701 that substantially interferes with the enforcement of the internal revenue laws.

WHEREFORE, the plaintiff, United States of America, respectfully prays for the following:

A.  That the Court find that the defendants have engaged in repeated and continual conduct subject to penalty under 26 U.S.C. §§ 6694 and 6695, and that injunctive relief is

appropriate under 26 U.S.C. § 7407 to bar the defendants from acting as income-tax-return preparers;

B. That the Court find that the defendants engaged in conduct subject to penalty under 26 U.S.C. § 6701, and that injunctive relief is appropriate under 26 U.S.C. § 7408 to prevent them from engaging in further such conduct;

C. That the Court find that the defendants engaged in conduct that interferes with the enforcement of the internal revenue laws and substantially interferes with the proper administration of the internal revenue laws, and that injunctive relief against them is appropriate to prevent the recurrence of that conduct pursuant to 26 U.S.C. §§ 7407 and 7402(a);

D. That the Court, under 26 U.S.C. § 7407, enter a permanent injunction prohibiting defendants from acting as federal tax return preparers;

E. That the Court, under 26 U.S.C. §§ 7402, 7407 and 7408, enter a permanent injunction prohibiting the defendants and their representatives, agents, servants, employees, attorneys, and those persons in active concert or participation with them, from directly or indirectly:

- (1) preparing or filing federal tax returns, amended returns, and other related documents and forms for others;

- (2) assisting in the preparation or filing of federal tax returns that defendants know or had reason to know will result in the understatement of any tax liability;

- (3) using electronic filing identification numbers (EFIN), taxpayer identification numbers (TIN), preparer tax identification numbers (PTIN), social security numbers (SSN), or any other federally-issued identification numbers that belong to other persons to file or remit federal tax returns;

  (4) using false or fictitious EINs, TINs, P-TINs, SSNs, or any other federally-issued identification numbers to file or remit federal tax returns;

  (5) allowing others the use of a personal or business EFIN, EIN, P-TIN, or TIN, or any other federally-issued identification number to prepare, file, or remit federal tax returns;

  (6) electronically filing or remitting federal tax returns for others; and

  (7) engaging in any similar conduct that substantially interferes with the enforcement of the internal revenue laws.

  F. That the Court, under 26 U.S.C. §§ 7402, 7407, and 7408, enter an injunction requiring defendants to contact all persons and entities for whom they prepared any federal income tax returns or other tax-related documents after January 1, 2009, and inform those persons of the entry of the Court's findings concerning the falsity of representations made by the defendants on their customers' tax returns, and that a permanent injunction has been entered against the defendants.

  G. That this Court, under 26 §§ 7402, 7207, and 7408, enter an injunction requiring defendants to turn over to the United States a complete list of all persons for whom defendants have prepared (or helped to prepare) any federal tax return, amended return, or refund claim since January 1, 2009, such list to include for each such person the name, address, phone number, e-mail address, social security number or employer identification number, and the tax period(s) to which or for which such return, amended return, or refund claim relates. The list shall include all customers whose returns defendants helped to prepare, even if those returns were filed listing someone else as preparer or listing someone else's social security or employer identification number as preparer, or listing someone else's electronic filing number.

H.  That this Court order that the United States is permitted to engage in post-judgment discovery to ensure compliance with the permanent injunction; and

I.  That this Court grant the United States such other relief, including costs, as is just and equitable.

Dated: July 1, 2013.

    KATHRYN KENEALLY
    Assistant Attorney General

    s/Daniel A. Applegate
    DANIEL A. APPLEGATE
    Michigan Bar No. P70452
    MICHAEL R. PAHL
    Minn. Bar. No. 0234539
    Trial Attorneys, Tax Division
    U.S. Department of Justice
    Post Office Box 7238
    Ben Franklin Station
    Washington, D.C.  20044
    Telephone:   (202) 353-8180
                    (202) 514-6488
    Fax:             (202) 514-6770
    daniel.a.applegate@usdoj.gov
    michael.r.pahl@usdoj.gov